|    |    |    |
|----|----|----|
| 1  |    |    |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| RODNEY COLEMAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff(s), | ) | No. C 04-5269 BZ |
| | ) | |
| v. | ) | **ORDER DENYING IN PART AND** |
| | ) | **GRANTING IN PART PLAINTIFF'S** |
| MOSS D. POSNER, M.D., et al., | ) | **MOTION TO AMEND COMPLAINT** |
| | ) | |
| Defendant(s). | ) | |

The plaintiff, now represented by counsel, has moved to amend his complaint to additionally allege a violation of his Fourteenth Amendment rights under 42 U.S.C. §1983, to add correctional officers Galindo, Hall and Dobson, former warden Anthony Lamarque and a number of John Does as defendants, and to extend the deadline to add additional defendants.

The decision to grant or deny leave to amend is within the discretion of the Court. Swanson v. United States Forest Svc., 87 F.3d 339, 343 (9th Cir. 1996). Generally, leave to amend will be granted unless the opponent makes a showing of undue prejudice, bad faith or dilatory motive on the part of the movant, or futility of the amendment. Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir. 1997).

1

Plaintiff's complaint arises from alleged mistreatment while serving a sentence in Salinas Valley State Prison. As a prisoner serving a sentence, plaintiff's rights are protected by the Eighth Amendment's prohibition of cruel and unusual punishment. The Supreme Court has held that where a particular Amendment provides explicit protection against a type of governmental behavior, that Amendment rather than Fourteenth Amendment due process forms the proper basis of a civil rights claim. Albright v. Oliver, 510 U.S. 266, 273 (1994); Armendariz v. Penman, 75 F.3d 1311, 1319 (9th Cir. 1996). Plaintiff has already brought a claim based on the Eighth Amendment, and there is no separate or alternative analysis for a claim based on the Fourteenth Amendment. Plaintff cites no case from any court where a plaintiff was allowed to allege both Fourteenth and Eighth Amendment violations on a claim of medical mistreatment in a prison. The proposed claim is therefore redundant and futile. *See* Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 356 (9th Cir. 1996). **IT IS HEREBY ORDERED** that plaintiff's motion to add Fourteenth Amendment claim is **DENIED.**

Plaintiff also seeks to add additional defendants. As the statute of limitations period has run, additional defendants must relate back under Federal Rule of Civil Procedure 15(c). With regard to the additional named defendants, the only issue before this Court is whether the plaintiff's failure to include the additional defendants in the original complaint constitutes a "mistake" under Federal Rule of Civil Procedure 15(c). Defendants have not cited any

2

1  authority which gives a binding definition of the word
2  "mistake" under Federal Rule of Civil Procedure 15(c).  I am
3  persuaded by those cases which have adopted a broad definition
4  of "mistake". *See e.g.* <u>Centuori v. Experian Information</u>
5  <u>Solutions, Inc.</u>, 329 F.Supp. 2d 1133, 1138-39 (D.Ariz. 2004).
6  In considering the issue, I note that plaintiff filed his
7  original complaint pro se, that the names of the additional
8  named defendants did appear in the appendices to the original
9  complaint, that the plaintiff may have intended to name those
10 parties as defendants in his original complaint and failed to
11 do so only because of a lack of understanding of legal
12 formalities, and plaintiff derives no tactical advantage from
13 adding additional defendants now rather than earlier.
14 Further, pro se plaintiffs are held to a less stringent
15 pleading standard.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th
16 Cir. 1986).  I hold that plaintiff's omission to include
17 Correctional Officers Galindo, Hall and Dobson, former warden
18 Anthony Lamarque constitutes a "mistake" under Federal Rule of
19 Civil Procedure 15(c).  Therefore, **IT IS HEREBY ORDERED** that
20 plaintiff's motion to amend complaint by adding Correctional
21 Officers Galindo, Hall and Dobson, former warden Anthony
22 Lamarque is **GRANTED.**
23     Plaintiff seeks to amend his complaint by adding a number
24 of John Doe defendants and to extend the deadline to add
25 defendants.  The Federal Rules of Civil Procedure do not
26 contain any provisions allowing for unknown defendants, and
27 their use is disfavored.  <u>Gillespie v. Civiletti</u>, 629 F.2d
28 637, 642-43 (9th Cir. 1980).  However, where the identities of

3

1  defendants are not known prior to the filing of a complaint,
2  plaintiff should be given an opportunity through discovery to
3  uncover those identities.  Id.  Extending the deadline to add
4  properly named defendants, subject to Federal Rule of Civil
5  Procedure 15, will achieve the same result of discovering the
6  identities of unnamed defendants as allowing John Doe
7  defendants.  **IT IS THEREFORE ORDERED** that plaintiff's motion
8  to amend complaint by adding John Doe defendants is **DENIED,**
9  and plaintiff's motion to extend time to add additional named
10 defendants is **GRANTED.**  Plaintiff must name additional
11 defendants by **November 30, 2005.**
12 Dated: October 24, 2005

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\COLEMAN\complaint.amend.wpd

4